**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**


Douglas Johnson

   v.                               Civil No. 12-cv-268-LM

Lowen Corporation


**NOTICE OF RULING**

    Re:   Document No. 10, Proposed Discovery Plan

The parties' proposed discovery plan (doc. no. 10) is not approved. The court orders the parties to file a new proposed discovery plan for the two reasons explained below.

1. Electronic Discovery

First, the parties' statement regarding electronic discovery is inadequate. Rule 26(f)(3)(C) requires that a plan "must" include the parties' views on electronic discovery "including the form or forms in which it should be produced . . . ." The parties' proposed discovery plan includes nothing about any agreement(s) with respect to electronic discovery, stating instead that "Production format hereunder shall be in Portable Document Format (.pdf), CD's or other means unless otherwise discussed and agreed which follows the rules of ESI." More is required under the rule.

Accordingly, the parties are ordered to meet and confer and file, on or before October 1, 2012, a new discovery plan that outlines more specifically their plans/agreements with respect to electronic discovery. The court refers the parties to the following outline of potential issues to discuss:

    a. Preservation. Counsel should attempt to agree on steps the parties will take to segregate and preserve ESI in order to avoid accusations of spoliation.

    b. E-mail Information. Counsel should attempt to agree on the scope of e-mail discovery and e-mail search protocol.

  c. Back-up and Archival Data. Counsel should attempt to agree on whether responsive back-up and archival data exists, the extent to which back-up and archival data is reasonably accessible, and who will bear the cost of obtaining such data.

  d. Format and Media. Counsel should attempt to agree on the format and media to be used in the production of ESI, and whether production of some or all ESI in paper form is agreeable in lieu of production in electronic format.

  e. Reasonably Accessible Information and Costs. Counsel should attempt to determine if any responsive ESI is not reasonably accessible, i.e., is accessible only by incurring undue burdens or costs.

  f. Privileged or Trial Preparation Materials. Counsel also should attempt to reach agreement regarding what will happen in the event privileged or trial preparation materials are inadvertently disclosed. See Fed. R. Evid. 502.

2. Class Certification Issues

Second, the discovery plan does not account for the class certification process (e.g., hearings, motions, or expert witnesses on class certification). The new proposed discovery plan should expressly address class certification issues or explain why the proposed plan properly accounts therefor.

In light of the court's rejection of the parties' proposed discovery plan, the pretrial conference currently scheduled to occur on September 11, 2012, is rescheduled for October 12, 2012 at 10:00 a.m.

_____
Landya McCafferty
United States Magistrate Judge

Date: September 10, 2012
cc: Thomas J. Lyons, Esq.
    Douglas W. Macdonald, Esq.
    Roger B. Phillips, Esq.